UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOMMY LEE GISSENDANNER,

    Plaintiff,

v.                                             Case No. 5:04-cv-492-Oc-10GRJ

JAMES V. CROSBY, JR., et al.,

    Defendants.

## **ORDER GRANTING MOTION TO DISMISS**

This case was initiated on November 5, 2004, by the filing of a Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1.) In the Complaint, the Plaintiff alleges that he was injured during a slip and fall accident at the Marion Correctional Institution (MCI). Moreover, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs by denying him certain pain medication after his fall. Plaintiff seeks injunctive relief and monetary damages.

The following employees of the Florida Department of Corrections (FDOC) are named as the Defendants in this case: James V. Crosby, Jr., Secretary of the FDOC; Orlester Dickens, Grievance Coordinator of the FDOC; S. Milliken, Grievance Coordinator of the FDOC; Don Gladish, Warden of MCI; John Page, Assistant Warden at MCI; Cheryl Phillips, Assistant Warden at MCI; Gustavo Mazorra, Assistant Warden at MCI; Sergeant Edward Graham, Safety Officer at MCI; Merle Randel, Corrections Officer; Joanne Harlin, Nurse Practioner; Bharathi Sunkavalli,

Medical Doctor; Phillip Brown, Director of MCI; O. Ogunsanwo, Medical Doctor; Ernesto Lamadrid, Medical Doctor; Jacqueline Williams, Medical Doctor; William Hampton, Physicians Assistant; and Stephanie Davis, Nurse.

## Service of Process

Rule 4(m) of the Federal Rules of Civil Procedure states:

> Time Limit for Service: If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120-day time limitation was not meant to be enforced harshly,[1] rather, it was intended to be a "useful tool for docket management . . . "[2] When a Plaintiff has failed to serve process upon a defendant within 120 days, the rule provides that the Court shall dismiss the action without prejudice as to that defendant or extend the time in which to effect service upon a showing of good cause.[3]

A review of the file shows that the United States Marshal was unable to serve process upon Defendants Randel and Davis at the addresses provided by the

---

[1] Newell v. United States Dept. of Justice, 2000 WL 1681234 * 2 (M.D.Fla.) (citing Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D.Fla. 1993); Floyd v. United States, 900 F.2d 1045, 1046 (7th Cir. 1990)).

[2] Id (citing Gambino v. Village of Oakbrook, 164 F.R.D. 271, 273 (M.D.Fla. 1995); Floyd at 1049).

[3] "Good cause requires the party seeking an enlargement to show good faith and a reasonable basis for noncomplaince." Gambino, 164 F.R.D. at 274 (internal citations omitted).

Plaintiff.  See Docs. 35 & 36.  Plaintiff has not provided the Court with a current service address for either of these defendants, nor has he requested an extension of time to serve process on them or shown good cause for the failure to timely do so.  Accordingly, Defendants Randel and Davis are dismissed without prejudice.

## The Complaint

On August 1, 2003, while in the custody of the Florida Department of Corrections at the Marion Correctional Institute, Plaintiff slipped and fell on a wet, slippery floor between the bathroom and bay areas, resulting in injuries to his head, neck and back.  Plaintiff alleges that the Defendants were aware of the hazardous condition but failed to investigate or correct the problem.  Plaintiff alleges that the Defendants should have placed floor mats in the area where he fell for the safety and well-being of the inmates.

After his slip and fall incident, Plaintiff was placed in the infirmary for sedation, medication, and observation.  After 24 hours, Plaintiff was released back to his regular quarters.  Plaintiff complains that after his fall, the medical staff at MCI was deliberately indifferent to his serious medical needs by failing to prescribe him the right medication.

## The Defendants Motion to Dismiss

On May 9, 2005, the remaining Defendants filed a Motion to Dismiss the Plaintiff's complaint.  (Doc. 66.)  In that motion, the defendants assert that the complaint fails to state a claim upon which relief can be granted, the Court lacks

jurisdiction over Plaintiff's claims, immunities bar Plaintiff's claims, and res judicata bars Plaintiff's claims. The Plaintiff filed a reply to the Defendants' motion on August 18, 2005 (75) and an amended reply on September 2, 2005 (Doc. 78).

### **Plaintiff's Slip and Fall Claim**

On February 4, 2004, Plaintiff filed a civil rights complaint in this Court under 42 U.S.C. § 1983. See 5:04-cv-52-Oc-10GRJ. In that Complaint, Plaintiff sought damages for head, neck, and back injuries that he allegedly sustained on August 1, 2003, when he slipped and fell on a wet floor between the hallway and the bay area at MCI. Plaintiff alleged that his injuries occurred because MCI and the Department of Corrections failed to provide floor mats in that area even though they were aware of the dangerous condition the wet floor posed to inmates. Plaintiff named James V. Crosby, Jr., Don Gladish, J.H. Page, Cheryl Phillips, Sergeant Graham and S. Milliken as the Defendants in that case. After a review of that file, the Court found that Plaintiff had, at best, alleged a claim of negligence against the Defendants and that although a negligence claim may be sufficient to state a claim under state law, it was insufficient to establish a constitutional violation. See Id at Doc 5. Therefore, the case was dismissed.

Here, Plaintiff makes the exact same argument and relies on the same set of facts to support his claim. In this case, however, Plaintiff couches his claim as an Eighth Amendment violation. Nevertheless, the underlying claim is still the same and this Court has already determined that Plaintiff has failed to state a constitutional

violation with regard to this claim. Thus, the claim is barred by the doctrines of res judicata and collateral estoppel.[4]

### Plaintiff's Deliberate Indifference Claim

In the Complaint, Plaintiff alleges that after his alleged fall on August 1, 2003, he was examined by Nurse Harlin who found that Plaintiff had a "knot" on the back of his head and that Plaintiff's neck and back appeared swollen. Complaint at 73. Thereafter, defendants Ogunsanwo, Hampton, and Sunkavalli failed to prescribe him the "right pain medication." Id at 66. When Plaintiff grieved the failure of the medical staff to provide him with the right pain medication, Defendants Brown and Williams failed to take action to correct the problem. Id at 75-76. The Court can find no specific allegations against Defendant Lamadrid.

For Plaintiff to establish a constitutional violation pursuant to the Eighth Amendment's right to be free from cruel and unusual punishment, the Plaintiff must show deliberate indifference to a serious medical need. A serious medical need has been defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[5] Moreover, deliberate indifference can be shown

---

[4] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980).

[5] Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

by the failure to provide prompt medical attention or by showing the intentional interference with treatment once prescribed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. . . . [S]uch deliberate indifference by a correctional system to the serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is proscribed by the eighth amendment."[6] "Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"[7] "Deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'"[8] A finding of deliberate indifference requires more than a showing of negligence.[9]

The Eleventh Circuit has recognized that deliberate indifference involves a three-part inquiry into: the official's subjective knowledge of risk of serious harm; whether that risk was disregarded; and, whether the conduct involved rose above

---

[6] Harris v. Thigpen, 941 F.2d 1495, 1504-1505 (11th Cir. 1991) (citations omitted).

[7] Id at 1505 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).

[8] Brown v. Hughes, 894 F.2d 1533, 1537-37 (11th Cir.), cert. denied, 496 U.S. 928 (1990) (citations omitted).

[9] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).

- 6 -

the level of negligence.[10] In McElligott, the Eleventh Circuit summarized the type of conduct that may constitute deliberate indifference, specifically stating that when an official knows the inmate has a serious medical condition and that official fails or refuses to provide the appropriate treatment, that official acts with deliberate indifference. Id.

Here, even accepting the facts in the Complaint as true,[11] Plaintiff fails to show how the Defendants were deliberately indifferent to his serious medical needs. Assuming that Plaintiff even had a serious medical need, Plaintiff sought medical treatment on numerous occasions.[12] In each instance, Plaintiff was seen by the medical staff, his condition was assessed, and treatment was prescribed. Id. Plaintiffs' disagreement with the prescribed treatment does not rise to the level of a constitutional violation.[13] Accordingly, this claim is due to be dismissed for the failure to state a claim.[14]

---

[10] McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

[11] On a motion to dismiss, the Court must accept as true, the complaint's well pleaded facts. Miccosukee Tribe of Indians of Florida v. Florida State Athletic Comm'n., 226 F.3d 1226, 1234 (11th Cir. 2000).

[12] See, generally, Plaintiff's medical records attached to the Complaint.

[13] See Harris v. Thigpen, 941 F.2d at 1505 (a difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment).

[14] Moreover, Plaintiff fails to plead any specific instances of deliberate indifference against Defendants Harlin, Williams, or Lamadrid, and his claims against those Defendants are alternately dismissed as vague and conclusory. Further to the extent that Plaintiff attempts to raise claims against any of the Defendants in their supervisory capacities, those claims are also dismissed. See

## Conclusion

For the reasons set forth in this Order, the Defendants' Motion to Dismiss (Doc. 66) is **GRANTED**. The Clerk is directed to enter judgment dismissing this

---

Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995) (*per curiam*) (in a § 1983 claim, Plaintiff should name only those persons who were actually involved in the alleged constitutional deprivation as one cannot be held liable under a theory of *respondeat superior* for the actions and/or omissions of others). In this case, it appears that Plaintiff names anyone and everyone who was even remotely involved in his care and treatment, rather than just those individuals who were actually responsible for his care and treatment.

- 8 -

case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of November 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  Tommy Lee Gissendanner
    Counsel of Record